NO. 07-08-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 25, 2008

______________________________


VICENTE CASAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,025; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
          Appellant, Vicente Casas, appeals his conviction for the offense of burglary of a
habitation with intent to commit a felony and sentence of 50 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. We abate for further
proceedings.
          Appellant's brief was due to be filed no later than October 13, 2008, but has yet to
be filed. Appellant’s attorney of record was notified by letter dated October 23 that unless
a brief or motion was received by November 3rd, this court would abate the appeal to the
trial court. On November 7, appellate counsel filed a motion to extend time to file
appellant’s brief requesting until November 10 to file appellant’s almost completed brief. 
On November 13, appellant’s attorney was notified that his motion for extension was
denied and that appellant’s brief was due on or before November 18. Appellant’s counsel
has not filed a brief or had further communication with this court.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 
          1.       whether appellant desires to prosecute the appeal;

 

2.whether the trial court appointed counsel for appellant has abandoned
the appeal; and

 
3.whether appellant has been denied effective assistance of counsel
given the attorney’s failure to file a brief.



 

     The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel 

shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by December 23, 2008.

          It is so ordered.

 

Per Curiam

Do not publish.



obbed
the store; appellant cites us to no evidence establishing that. And, unless established, it
does not matter whether he had tattoos at trial. Second, tattoos may be indicative of gang
involvement or prior imprisonment and either possibility is something which a lawyer may
not care to share with a jury. In other words, what appellant deems neglect may have
actually been reasonable trial strategy, which we cannot impugn. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish.